# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>     **#424229** | **CIVIL ACTION NO. 6:13-cv-2121** |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **LAINCY VASSEUR MARTINEZ** | **MAGISTRATE JUDGE HILL** |

## <u>ORDER</u>

Before the Court is the Motion for Temporary Restraining Order and Preliminary Injunction  [rec. doc. 7] filed by *pro se* plaintiff, Brandon Scott Lavergne ("Lavergne"). By this Motion, Lavergne requests that this Court issue a temporary restraining order and preliminary injunction against his former wife, Laincy Vasseur Martinez, and the Louisiana State Penitentiary, to stop them from prohibiting him from corresponding, by mail, with his daughter, who lives with Ms. Martinez.  Lavergne alleges that Ms. Martinez requested that prison officials not permit Lavergne to correspond with her or her daughter, and that prison officials have honored her request by intercepting letters directed to Ms. Martinez' address.  Lavergne claims that these actions were done in retaliation for his having filed the instant lawsuit against Ms. Martinez for "libel and slander" and for violating his Constitutional rights.

In order to obtain a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, it is necessary for plaintiff to show by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result to him before

the respondents can be heard in opposition, and plaintiff must certify to the court in writing the efforts which have been made to give notice to the adverse party or reasons why notice should not be required.  Lavergne has failed to satisfy either requirement.

Similarly, a movant for a preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 at fn. 15 (5th Cir. 2001) *citing Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998).  The movant must prove all four elements and failure to prove any one of them will result in denial of the motion. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Lavergne fails to satisfy the first or fourth elements.

Lavergne cannot satisfy the first element for issuance of an injunction because there is no substantial likelihood of success on the merits.  Lavergne does not have a constitutional right to communicate with Ms. Martinez or her daughter, nor was it is unconstitutional for prison officials to intercept Lavergne's correspondence to honor Ms. Martinez' request that she and her daughter receive no further communications from Lavergne.

The Fifth Circuit has held on numerous occasions that the use of a "negative mail list" to prevent a prisoner from corresponding with those on the outside who have

2

indicated that they do not wish to receive correspondence from a particular prisoner does not violate the First Amendment. *Jones v. Diamond*, 594 F.2d 997, 1014 (5th Cir. 1979) *citing Guajardo v. Estelle*, 580 F.2d 748, 753 (5th Cir. 1978) (holding that the use of a negative mail list to eliminate any prisoner correspondence with those on the outside who affirmatively indicate that they do not wish to receive correspondence from a particular prisoner does not violate a prisoner's First Amendment rights); *Samford v. Dretke*, 562 F.3d 674, 680 (5th Cir. 2009). *See also Berdella v. Delo,* 972 F.2d 204, 209 (8th Cir.1992) ("[T]he government's interest in protecting the public from harassment by inmates would justify prohibiting an inmate from sending mail to persons who have affirmatively requested that mail not be received from an inmate."); *Zichko v. Idaho Dept. of Health, Educ. and Welfare*, 24 F.3d 252, *3 (9th Cir. 1994) (reaffirming that prison officials did not violate a prisoner's First Amendment rights by refusing to mail his letters to his former wife and children); *Mondonedo v. Roberts*, 2013 WL 1087352, *6-7 (D. Kan. 2013) *citing  Tompkins v. Dep't of Corr*., 2009 WL 995573, *1 (W.D. N.C. 2009), *Hill v. Terrell*, 846 F.Supp.2d 488, 491–92 (W .D. N.C. 2012), *Berdella, Jones* and *Guajardo, supra*.

Moreover, the justification for the holdings in the above cited cases is the government's legitimate interest in protecting the public from harassment by inmates. *See Berdella*, 972 F.2d at 209; *Samford,* 562 F.3d at 681; *Mondonedo*, 2013 WL 1087352 at *6 *citing Tompkins, Berdella, Jones, Guajardo*, and *Hill, supra*. ("cases outside this

jurisdiction have routinely upheld requests not to receive mail from a particular inmate, based on the government's general interest in protecting the public from harassment by inmates. ").  Thus, Lavergne cannot satisfy the second element for issuance of an injunction, that an injunction will not have an adverse effect on the public interest.  The case law provides for the exact opposite result.[1]

For the above reasons;

 The plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [rec. doc. 7] is **denied**.

In Chambers, Lafayette, Louisiana July 19, 2013.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1]The same result is reached if this Court analyzes Lavergne's request for injunctive relief under the principles applicable to a claim for retaliation.  A claim for retaliation requires to showing of (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998); *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith,* 60 F.3d 1161 (5th Cir. 1996).  Lavergne has not satisfied the first or second elements.

Lavergne has failed to demonstrate that Ms. Martinez or the Louisiana State Penitentiary officials took action against him because of his exercise of any protected right.  As set forth above, Lavergne has no Constitutional right to communicate with Ms. Martinez or her daughter.

Moreover, Lavergne has failed to set forth sufficient facts which support a finding of retaliatory intent by Ms. Martinez or Louisiana State Penitentiary officials.  Lavergne's request for relief rests on his unsupported and speculative belief that he has been the victim of retaliation.  However, it is abundantly clear that Ms. Martinez and the Louisiana State Penitentiary officials were acting in accordance with the law which has been specifically established to provide for Ms. Martinez and her daughter's protection.  Accordingly, Lavergne's allegations are insufficient to state a constitutional claim.