# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>     **LA. DOC #424229** | **CIVIL ACTION NO. 6:13-2121** |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **LAINCY VASSEUR MARTINEZ** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant complaint on June 24, 2013.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate").  Lavergne names his ex-wife Laincy Vasseur Martinez ("Martinez"), a resident of Highlands, Texas, as the sole defendant.

Lavergne alleges that Martinez made false statements to police in December, 1999, February 2000, during divorce and child custody hearings, and in July, 2012 in connection with the murder investigation of Shunick and Pate.  These statements included allegations that Lavergne beat Martinez, punched her in the face, choked her to the point of passing out, and urinated in Martinez' mouth for allegedly cheating on him.  Between September, 2000 and July, 2005, Martinez is also alleged to have given police a letter

purportedly written by Lavergne to Martinez which was "illegally introduced to the Lafayette Parish grand jury on July 18, 2012 in violation of the marital privilege, and Lavergne's constitutional rights to privacy and due process.  This letter is alleged to have been "a deciding factor in my indictment on first degree murder charges."  Lavergne additionally complains that Martinez attempted to "entrap" him by wearing a wire while visiting Lavergne in prison in July or August, 2005.  By this action, Lavergne seeks punitive damages from Martinez for "slander and libel" and violations of Lavergne's constitutional rights.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders  of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count.  In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count.  Lavergne did not directly appeal his convictions or sentences.  Post-Conviction relief has not been granted.[1]  Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

---

[1]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

**I. Screening**

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the

court is obligated to evaluate the complaint and dismiss it without service of process, if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Gonzalez v.*

*Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193

(5th Cir. 1997).  When "it is clear from the face of a complaint filed *in forma pauperis* that

the claims asserted are barred by the applicable statute of limitations", those claims are

properly dismissed as frivolous.  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994);

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the

limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

A complaint is subject to dismissal for failure to state a claim if the allegations,

taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215

(2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff

must state "enough facts to state a claim to relief that is plausible on its face."  *Green v.*

*Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*,

495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. STATUTE OF LIMITATIONS/PRESCRIPTION

Under Louisiana law, claims for defamation are delictual in nature and accordingly are subject to liberative prescription of one year, which commences to run from the day injury or damage is sustained. *Williams v. Nexstar Broadcasting, Inc*., 96 So.2d 1195, 1201 (5th Cir. 2012) *citing* La. Civ. Code art. 3492; *Reed v. Baton Rouge Crime Stoppers*, 2011 WL 5419678, *1 (La. App. 1st Cir. 2011) *citing Wiggins v. Creary*, 475 So.2d 780, 781 (La. App. 1st Cir.), *writ denied*, 478 So.2d 910 (La. 1985). For prescription purposes, damages are sustained from the date the injury is inflicted, if immediately apparent to the victim, even though the extent of the damages may not yet be known. *Reed,* 2011 WL 5419678, *1 *citing Wiggins*, 475 So.2d at 781.

Similarly, the Supreme Court has held that the statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). Accordingly, the Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by Louisiana Civil Code article 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

4

However, the date of accrual for a § 1983 claim is a question of federal law.  *Piotrowski*

*v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d

1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the

aggrieved party has either knowledge of the violation or notice of facts which, in the

exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51

F.3d at 516, *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455,

459 (5th Cir. 1981).  A plaintiff need  not realize that a legal cause of action exists but

only that the facts support a claim.  *Harrison v. United States*, 708 F.2d 1023, 1027 (5th

Cir. 1983).

Lavergne alleges that numerous instances where Martinez allegedly made false

statements to police in 1999, 2000, 2005 and an instance of alleged entrapment in 2005 in

connection with the Acadia Parish Sheriff's Office's original investigation of the Pate

murder.  Lavergne was undoubtedly aware, or should have been aware, of these incidents

and events when they occurred, or in the exercise of due diligence, shortly thereafter.

Thus, under both state and federal law, Lavergne's claims accrued, at the latest, in April,

2008 when the Acadia Parish grand jury apparently did not to indict Lavergne for the Pate

murder, because by that time, Lavergne either knew or should have known the facts on

which his defamation claims and constitutional violations are based, whether or not he

realized a legal cause of action existed.  *See Piotrowski*, 51 F.3d at 516 *quoting Vigman v.*

*Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981), *Williams,*

*Wiggins, Reed, supra*.  Since Lavergne's claims accrued, at the latest, in April 2008,

Lavergne had one year, or until April, 2009 to file his defamation and federal § 1983 action.  However, this action was not filed until June 24, 2013, well over one year after these claims accrued and well over one year after the limitation period had expired.  Thus, Lavergne's defamation and §1983 claims seeking damages for statements and events which occurred prior to April, 2008 are clearly barred by the one year statute of limitations.  Accordingly, these claims should be dismissed on this basis as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

### III.  Non-State Actor

Further, to the extent that Lavergne attempts to assert a civil rights claim under § 1983 against Martinez, to state a § 1983 claim, a plaintiff must prove that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under the color of law. 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995) *citing Evans v. City of Marlin, Tex*., 986 F.2d 104, 107 (5th Cir. 1993); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

It is clear that Martinez, Lavergne's ex-wife, is not a state actor as required for liability under § 1983.  To the contrary, Martinez is merely a private citizen who was in no way clothed with the authority of state law.  Rather, Martinez merely provided  police with information supporting Lavergne's suspected criminal activities, which, even if false, is clearly insufficient to deem Martinez a state actor subject to § 1983 liability.  *See Hammond v. Wilson*, 2009 WL 467648, *2 (S.D. Ohio 2009) (a private citizen, who gave a statement to the police during a criminal investigation, was not subject to a § 1983 suit); *Vasquez v. Rubalcava,* 2012 WL 760860, *5 (C.D. Cal. 2012) (a witness not acting under color of state law when she reported what she believed was a crime, and was therefore not subject to § 1983 liability) *citing Goehring v. Wright*, 858 F.Supp. 989, 998 (N.D. Cal. 1994) (private citizens who complained to local authorities about neighbor's alleged criminal  activities, giving rise to neighbor's arrest and prosecution, were not "state actors" for purposes of § 1983); *Griffin v. Walgreen, Co.,* 2010 WL 4975532, *8-9 (E.D. Mo. 2010) *citing  Hammond*, 2009 WL 467648, at *2 (a private citizen who gave a statement to the police during a criminal investigation was not subject to a § 1983 suit) and *Marion v. Groh*, 954 F.Supp. 39, 42–43 (D. Conn. 1997) (holding that even if the witness' statement to police was false, the witness did not act under color of law for § 1983 liability); *DiNicola v. DiPaolo,* 25 F.Supp.2d 630, 669-670 (W.D. Pa. 1998) (a witness did not act under color of state law in providing out-of-court statements against the plaintiff); *Paulino v. Banguera*, 2011 WL 1831759, *6 (D.N.J. 2011) (dismissing a §

7

1983 claim for failure to state a claim upon which relief may be granted against witnesses who accused the plaintiff of criminal activity and gave statements to the police which were allegedly untrue, because the witnesses were not state actors).

Further, there is no factual basis to support any claim of a conspiracy between Martinez and any alleged state actor to support a claim of state action.  *See Id.  See also Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) *citing McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy.");  *Mills v. Criminal District #3*, 837 F.2d 677, 679-680 (5th Cir. 1988); *see also Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938  F.2d 565, 569 (5th Cir. 1991); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee, supra*.  Plaintiff's civil rights claims against Martinez should therefore be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. *Heck v. Humphrey*

Lavergne also seeks monetary damages from Martinez for making alleged false statements to police in July, 2012 and for providing a letter to police which was used as evidence in his Louisiana criminal prosecution for the murders of both Shunick and Pate,

which resulted in Lavergne's conviction for the murder of Shunick and Pate, for which

Lavergne is serving two life sentences imposed by the Louisiana Fifteenth Judicial

District Court for Lafayette Parish. These claims are barred by the principles set forth by

the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct.

2364, 129 L.Ed.2d 383 (1994).[2]

It is well established that to recover damages for an allegedly "unconstitutional

conviction or imprisonment, or for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a . . . plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determinations, or called into

question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C.

§ 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383

(1994).  A claim for damages bearing that relationship to a conviction or sentence that has

not been so invalidated is not cognizable.  *Heck*, 512 U.S. at  487, 114 S.Ct. at 2372. The

_____

[2]Although *Heck* involved a § 1983 action, the Fifth Circuit has applied the rule to a tort
action against presumed non-state actors explaining that "[t]he *Heck* rule was formulated in
deference to the principle that 'civil tort actions are not appropriate vehicles for challenging the
validity of outstanding criminal judgments.'"  *Walter v. Horseshoe Entertainment*, 483 Fed.
Appx. 884, 887 (5th Cir. 2012) *quoting Heck*, 512 U.S. at 486. Accordingly, the Fifth Circuit has
applied *Heck* to bar Louisiana state law claims.  *Thomas v. Louisiana Department of Social Services*, 406
Fed. Appx. 890, 897-898 (5th Cir. 2010).  *See also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652
fn. 3 (5th Cir. 2007) (affirming dismissal of state law claims under *Heck* noting that "[t]he *Heck* court held
that a civil tort action, including an action under section 1983, is not an appropriate vehicle for
challenging the validity of outstanding criminal judgments.").  *Heck* has also been applied in a diversity
action to bar state law causes of action.  *See Hardin v. Pfizer, Inc.,* 2007 WL 2212674, *7 (D. S.C. 2007).

Supreme Court imposed this requirement in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Lavergne's claims concerning alleged false statements and letter connected with the 2012 murder investigation and guilty plea in the murder prosecution for the deaths of both Shunick and Pate would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein.  Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid.  To the contrary, Lavergne admits that he is currently serving his sentences for these convictions.  Moreover, there is no jurisprudence establishing that these convictions  have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional based on the alleged falsities and letter, Lavergne stands convicted, and his convictions rely, in part, upon the letter provided by Martinez and the truth of the alleged false statements of Martinez.  Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity

of Lavergne's convictions and sentences.  Accordingly, Lavergne's claims, which are directed at the validity of his 2012 criminal prosecution and resulting convictions and sentences, are barred by *Heck*.  The claims are not cognizable at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).[3]

## V.  Diversity Jurisdiction is Lacking

Finally this Court cannot exercise diversity jurisdiction over any defamation claim asserted by Lavergne under Louisiana State law because the requisite amount in controversy is lacking.   For exercise of this Court's diversity jurisdiction, it is axiomatic that both complete diversity of citizenship and an amount in controversy which exceeds $75,000 must be present.  28 U.S.C. § 1332.  From the face of Lavergne's Complaint, given Lavergne's libel-proof status thereby permitting an award, at most, of only nominal damages[4], and further given that an "actual, compensable injury". . .  "does not encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been

---

[3]Moreover, even if Lavergne's defamation claims were not barred by *Heck* because they would not necessarily imply the invalidity of his convictions and sentences, to recover damages Lavergne would still nevertheless have to prove defamation which caused him actual, compensable injury.  The United States Supreme Court in *Heck*, however, has held that actual, compensable injury "does not encompass the 'injury' of being convicted and imprisoned (until [the] conviction has been overturned)." *Heck*, 512 U.S. at 487 fn. 7.  Thus, Lavergne's claim fails on the merits as well.

[4]*See Lavergne v. "Dateline" NBC*, 6:13-2118 (W.D. La. 2013) (finding that Lavergne is libel-proof under Louisiana law).  To the extent that Texas law is applicable, Texas has recognized the libel-proof plaintiff doctrine.  *See Finklea v. Jacksonville Daily Progress*, 742 S.W.2d 512, 517-518 (Tex. App. Tyler 1987), *writ dismissed*, (Mar. 30, 1988) and *McBride v. New Braunfels Herald-Zeitung*, 894 S.W.2d 6, 10 (Tex. App. Austin 1994), *writ denied*, (Mar. 30, 1995). Accordingly, the same analysis, with even greater support for this Court's conclusion, applies.

overturned)"[5], it is clear that the requisite amount in controversy is not met in this case. Accordingly, Lavergne's complaint, which essentially alleges a defamation claim, is subject to dismissal for lack of jurisdiction.

For the reason set forth above;

**IT IS RECOMMENDED** that plaintiff's claims against Laincy Vasseur Martinez concerning alleged false statements to police in 1999, 2000, 2005 and an instance of alleged entrapment in 2005 in connection with the Acadia Parish Sheriff's Office's original investigation of the Pate murder be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

**IT IS FURTHER RECOMMENDED** that Lavergne's civil rights claims against Laincy Vasseur Martinez be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that all of Lavergne's claims for money damages against Laincy Vasseur Martinez for making alleged false statements to police in July 2012 and for providing a letter to police which was used as evidence in his Louisiana criminal prosecution for the murders of both Shunick and Pate be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED** for lack of jurisdiction.

_____

[5] *See Heck*, 512 U.S. at 487 fn. 7.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.


*C. Michael Hill*
_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE